## SUPREME COURT.

### THE CANAL BANK agt. HARRIS.

### THE SAME agt. THE SAME.

The 401st section of the Code says, " And no motion can be made in the *First District* in an action triable elsewhere."

*Held*, that this applied to a motion to vacate executions issued to the sheriff of New-York,—where plaintiff resided,—upon judgments entered in Albany county—third district. And to all motions in causes where the *venues* are in another district. (*See Harris* agt. *Clark, ante, page,* 415.)

*New York Special Term, January,* 1855.—MOTION to vacate executions.

The facts in this case appear sufficiently in the opinion of the court.

——— ———, *for motion*.
——— ———, *opposed.*

MORRIS, Justice. In both of these cases, judgments were entered in this court, in the county of Albany, in the third judicial district. Executions on each of said judgments have been issued to the city and county of New-York, the first judicial district, where the plaintiff resides. The defendant applies to this court to set aside the executions for irregularity, because they were issued after the expiration of five years since the entering of judgments, without first having obtained permission of the court.

The plaintiffs object to the court in this district entertaining the motion, and claim that § 401 of the Code sustains them in the objection. The words rested upon are, " And no·motion can be made in the First District in an action triable elsewhere."

The fair import of these words is, that no motion shall be made in the first district, in a cause in which the venue is laid in another district.

The present is a motion in these two causes, and such motion can only be made in *the causes.* The title of the papers shows it is in these two causes, and the venue in each said causes is not in the first district.

The § 401 of the Code applies. This court should not entertain the motion.

Motion to vacate execution to be made in the third judicial district.